**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**v.**<br><br>**CARLOS ORTIZ-RANGEL,**<br><br>***Defendant.*** | **CRIMINAL ACTION NO.**<br>**3:26-cr-00012-TES** |

**ORDER CONTINUING TRIAL IN THE INTEREST OF JUSTICE**

Before the Court is Defendant Carlos Ortiz-Rangel's Unopposed Motion to Continue Trial in the Interest of Justice [Doc. 17]. Trial is currently set to begin on September 21, 2026, and the government does not oppose a continuance. [Doc. 17, p. 3]. For the reasons set forth below, the Court finds that trial should be continued pursuant to 18 U.S.C. § 3161(h).

On July 14, 2026, Defendant was charged in a one-count indictment charging him with illegal reentry, in violation of 8 U.S.C. § 1326(a). [Doc. 1]. Defendant was arrested on July 20, 2026, and appeared before the Court, on July 21, 2026, for an initial appearance and arraignment at which time he entered a not guilty plea and was ordered detained pending trial of this matter. [Doc. 5]; [Doc. 9]; [Doc. 10]; [Doc. 13].

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). In granting such a continuance, the Court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv).

In his Motion, Defendant requests a continuance to "allow counsel time to receive the government's discovery, which is not due to the defense until August 20, 2026, and after counsel receives the government's discovery, counsel will need sufficient time to review the government's discovery, meet with [Defendant] about his case and the government's discovery, and complete any potential defense investigations that may be warranted." [Doc. 17, p. 3]. Additionally, "counsel [for Defendant] is currently out of the office until Monday, August 3, 2026, attending a conference." [*Id.*].

Considering this, failure to grant a continuance in this case would deny Defendant "the reasonable time necessary for effective preparation, taking into account

the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). So as to avoid a miscarriage of justice, the Court **GRANTS** Defendant's Unopposed Motion to Continue Trial in the Interest of Justice [Doc. 17]. The Court **CONTINUES** the Pretrial Conference until **September 2, 2026**, and the trial of this matter until **October 26, 2026**. The ends of justice served by this continuance outweigh the best interests of the public and this defendant in a speedy trial and are in accordance with the considerations required under 18 U.S.C. § 3161(h)(7)(A) for excusable delay.

**SO ORDERED**, this 28th day of July, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**