**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**CARLOS ORTIZ-RANGEL,**<br><br>***Defendant.*** | **CRIMINAL ACTION NO.**<br>**3:26-cr-00012-TES** |

**ORDER GRANTING UNOPPOSED MOTION TO CONTINUE**

Before the Court is the United States' Motion to Continue Trial in the Interest of Justice. [Doc. 27]. On July 14, 2026, the Grand Jury returned an indictment charging Defendant Carlos Ortiz-Rangel [Doc. 1] with a single count of illegal reentry in violation of 8 U.S.C. § 1326(a). [*Id.* at p. 1].

Defendant Ortiz-Rangel was arrested on July 20, 2026, and the United States filed a motion for detention the same day. [Doc. 4]. The next day, he was appointed counsel [Doc. 8] and pled not guilty at an arraignment hearing before Magistrate Judge Weigle. [Doc. 9].

After a detention hearing, Judge Weigle ordered that Ortiz-Rangel be detained pending trial on July 23, 2026. [Doc. 13]. On September 23, 2026, counsel for Defendant Angulo-Ramirez filed a discovery request. [Doc. 25]. The government provided discovery on September 1, 2026. [Doc. 23].

Previously, in July, Defendant Ortiz-Rangel requested discovery and moved unopposed for a continuance to review that discovery and confer with his attorney. [Docs. 16, 17]. This Court granted that prior motion to continue. [Doc. 18]. Then, in August, Ortiz-Rangel moved again to continue his trial in the interest of justice, this time due to scheduling conflicts with his scheduled appearance in *United States v. Wynndolyn Porter*, 5:25-MJ-63 (CHW). [Doc. 20]. This motion, too, was unopposed. [*Id.*]. This Court granted the motion in part and denied it in part, continuing the pretrial conference until September 10, 2026 at 11:00am in the Macon Division. [Doc. 21].

Now, the United States requests a third continuance. After trial was set, it issued subpoenas for expected trial witnesses, including a fingerprint analyst, Dawn Strohmeyer. [Doc. 27, p. 1]. However, in response to the subpoena, Ms. Strohmeyer informed the Government that she was unable to attend the proceedings because she will not be in the United States during the needed time. [*Id.*]. There is no stipulation obviating the need for Ms. Strohmeyer's testimony, and defense counsel is not authorized to agree to any such stipulation. [*Id.*].

The Court finds that granting the United States' request for a continuance serves the ends of justice. *See* 18 U.S.C. § 3161(h)(3). Under the Speedy Trial Act, "[a]ny period of delay resulting from the . . . unavailability of . . . an essential witness" "*shall* be excluded in computing the time within which . . . the trial of any such offense must commence[.]" *Id.* (emphasis added). Here, this Court finds that Ms. Strohmeyer is an

essential witness. Further, this Court finds that this essential witness is unavailable. *See id.* ("[A]n essential witness shall be considered unavailable whenever [her] whereabout are known but his presence for trial cannot be obtained by due diligence or [she] resists appearing at or being returned for trial.").

Accordingly, the Court **GRANTS** the United States' Motion to Continue Trial in the Interest of Justice. [Doc. 27]. The Court **CONTINUES** the Pretrial Conference until **November 5, 2026**, and the trial of this matter until the **December Term**. The delay occasioned by this continuance shall be deemed excludable pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(3).

**SO ORDERED**, this 29th day of September, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**